UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

        -against-

UNITED STATES ATTORNEY'S OFFICE,

                Defendant.

22-CV-9358 (JPO)

ORDER

J. Paul Oetken, District Judge:

Plaintiff, who is proceeding *pro se,* has filed a complaint, styled as a petition for a writ of mandamus, seeking to compel the United States Attorney's Office for the Southern District of New York to investigate individuals associated with alleged "narco-terrorism." Plaintiff filed the complaint anonymously but has not asked the Court for permission to do so. He did file a declaration in his real name but, in that submission, he did not provide any reason why he should be permitted to proceed anonymously.

Accordingly, the Court construes the declaration as including a motion to proceed anonymously, denies that motion, and provides Plaintiff 30 days to either withdraw this action or proceed in his real name. The Defendant's time to respond to the complaint is extended to 60 days from the date Plaintiff informs the Court of his intention to proceed, should Plaintiff decide to proceed in his real name.

**DISCUSSION**

Under Rule 10(a) of the Federal Rules of Civil Procedure, parties must be listed in the caption of the complaint. "This requirement serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The use of a pseudonym by a plaintiff in

civil litigation "must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. When determining whether a litigant can proceed under a pseudonym, the following non-exhaustive list of factors should be considered:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted, alterations in original). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests[.]" *Id.*

Plaintiff does not provide any reason why he should be permitted to proceed anonymously. Plaintiff seeks the investigation of "high-ranking public officials in Bolivia and elsewhere," but he does not connect such an investigation to his own interests (ECF 1, at 2.) Rather, he seeks the investigation based on recently issued executive orders that Plaintiff believes entitles him to an investigation, which he seeks on behalf of a nonprofit organization incorporated in Florida, not on his own behalf.[1]

---

[1] As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.")

Although the subject matter described in the complaint may be "highly sensitive," Plaintiff does not state any facts suggesting that any material would be highly sensitive as it relates to his own interests. The Court therefore concludes that Plaintiff cannot proceed anonymously in this action. He has 30 days from the date of this order to inform the Court whether he intends to continue this litigation in his real name, or whether he will withdraw the action.

## CONCLUSION

Plaintiff shall no longer be permitted to proceed in this action as a John Doe plaintiff. The Court provides Plaintiff 30 days to either withdraw this action or proceed in his real name. If Plaintiff does not notify the Court within 30 days of this order, the Court will direct the Clerk of Court to add Plaintiff's real name to the docket.

The Defendant's time to respond to the complaint is extended to 60 days from the date Plaintiff informs the Court of his intention to proceed, should Plaintiff decide to proceed in his real name.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   Nov. 18, 2022
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

(internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Should Plaintiff decide to proceed in his name, at that stage, the Court will address Plaintiff's attempt to represent the interests of a nonprofit organization.