UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN SEJAS; HUMAN RIGHTS SOLUTION
FOUNDATION INC.,

                        Plaintiffs,

                -against-

UNITED STATES ATTORNEY'S OFFICE,

                        Defendant.

22-CV-9358 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, District Judge:

        Plaintiff Juan Sejas ("Sejas") brings this *pro se* action, for which the filing fee has been

paid. He seeks to compel the United States Attorney's Office ("USAO") for the Southern District

of New York to investigate individuals associated with alleged "narco-terrorism," and to enforce

compliance with the Foreign Corrupt Practices Act ("FCPA") and the Foreign Narcotics Kingpin

Designation Act ("Kingpin Act" or "Act").  He invokes the Freedom of Information Act

("FOIA"), as a basis for this Court's subject matter jurisdiction, and seeks an order from this

Court directing the USAO to comply with a records request presented in this submission.

        Sejas filed this action anonymously, naming himself as a John Doe plaintiff, and the

Human Rights Solution Foundation Inc. ("HRSF") as a second plaintiff.  By order dated

November 18, 2022, the Court construed Plaintiff's declaration, filed with the complaint, as

including a motion to proceed anonymously, and denied the motion.  The Court also granted

Plaintiff leave to withdraw the action, should he choose not to proceed in his real name.

        On December 14, 2022, the Court received a letter from Plaintiff, in which he includes

the following language: "Ref: Proceed in this action in his real name."  (ECF 8.)  The Court

construes this letter as Sejas's affirmation that he would like to proceed in his real name.

Accordingly, the Court directs the Clerk of Court to substitute "Juan Sejas" for "John Doe" in the caption of the complaint and to remove the restrictions placed on documents two and three, both of which include Plaintiff's real name.

As set forth below, the Court (1) dismisses without prejudice any claims brought on behalf of HRSF because Sejas cannot represent the corporation's interests *pro se*, (2) denies without prejudice any claim Sejas seeks to bring under FOIA, on his own behalf, because he does not state any facts suggesting that he has exhausted the administrative remedies under FOIA, (3) denies Sejas's claims brought under the FCPA and the Kingpin Act, (4) denies Sejas's request to direct the USAO to compel compliance with federal law, and (5) grants Sejas 30 days' leave to file an amended complaint for the limited purpose of asserting a FOIA claim against the United States Department of Justice ("DOJ").

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Sejas brings this action against the "United Estate of America" and the USAO, seeking an order directing these entities to enforce compliance with the FCPA and the Kingpin Act.  He

also seeks an investigation by the USAO of "high-ranking public officials in Bolivia and elsewhere, who have participated in, among other things, narco-terrorism, large scale drug trafficking, and weapons offenses related to the importation of cocaine into the United States." (ECF 1, at 2.)  He requests an order from this court directing the USAO: (1) "to conduct searches . . . and demonstrate that it employed search methods likely to lead to the discovery of records responsive to Plaintiff's request" and (2) "to produce . . . records responsive to Plaintiff's E.O. 14059 & 14060 request and Vaughn indices."[1]  (*Id.* at 14.)  He also seeks an order enjoining the USAO from withholding responsive documents and granting him "access to DEA and USAID infrastructure in Bolivia." (*Id.* at 15.)

A.      **Sejas Cannot Bring Claims on Behalf of Human Rights Solution Foundation Inc.**

As a nonlawyer, Sejas can represent only his own interests and cannot represent the interests of HRSF.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").  Moreover, corporations, such as HRSF, cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in

[1] Executive Order 14059, issued on December 15, 2021, concerns the imposition of sanctions on foreign persons involved in global drug trafficking.  Executive Order 14060 established the United States Council on Transnational Organized Crime.

federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

The Court therefore dismisses any claim Sejas seeks to bring on behalf of HRSF, without prejudice to HRSF's retaining counsel to assert those claims.

**B.      Sejas's Claims Brought Under the Freedom of Information Act Are Dismissed for Failure to Exhaust Administrative Remedies**

The Freedom of Information Act, 5 U.S.C. § 552, provides members of the public a right of access to some information from federal executive agencies.  Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements."  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process.  5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993).  The exhaustion requirement allows the targeted agency to correct its own errors, which obviates unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

The FOIA establishes the following administrative process:

Each agency, upon any request for records . . . shall (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any

> such request whether to comply with such request and shall immediately notify
> the person making such request of – (I) such determination and the reasons
> therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c).  If the request is denied, the requester

may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C.

§ 552(a)(6)(A)(i)(III)(aa).  A FOIA requester is deemed to have exhausted his administrative

remedies if he files a timely appeal but the agency does not respond within applicable limits.

*McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) (relying on 5 U.S.C.

§ 552(a)(6)(C)(i)).

A proper defendant in a FOIA action is the federal agency responsible for the retention of

the requested documents.  *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542,

546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."); *see also* 5 U.S.C.

§ 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from

withholding agency records and to order the production of any agency records improperly

withheld from the complainant.").

Sejas brings this action under FOIA, and appears to request documents from the USAO

in this action.  It does not appear, however, that Sejas has requested these documents from the

USAO directly, or from the DOJ, the federal agency that oversees the USAO. The Court

therefore dismisses these claims without prejudice.  As discussed below, the Court also grants

Plaintiff leave to file an amended complaint to reassert his FOIA claim and state facts showing

that he exhausted his administrative remedies.

**C.     The Foreign Corrupt Practices Act Does Not Provide a Private Right of Action Nor
         May Plaintiff Direct the USAO "to Compel Compliance"**

Sejas brings this action against the USAO "to compel compliance" with the FCPA.  To

the extent Sejas seeks to assert claims *under* the FCPA, he does not have a private right to do so.

*See Republic of Iraq v. ABB AG*, 768 F.3d 145, 171 (2d Cir. 2014) (holding that the antibribery provisions of the FCPA does not create a private right of action).  To the extent he seeks an order from this Court directing the USAO to act in any fashion, including "to compel compliance," Sejas is not entitled to such an order because he does not possess the right to direct prosecuting attorneys to initiate a criminal proceeding against another; prosecutors themselves possess the discretionary authority to bring criminal actions without direction from private individuals. *See Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  Prosecutors rather are "immune from control or interference by citizen or court." *Id.*  Thus, any claim Sejas seeks to assert under the FCPA is dismissed.

D. **Sejas Cannot Assert Claims Under the Foreign Narcotics Kingpin Designation Act**

Sejas invokes the Kingpin Act as a basis for this Court's jurisdiction over his claims. This Act is a federal statute that "provide[s] authority for the identification of, and application of sanctions on a worldwide basis to, significant foreign narcotics traffickers and their organizations."  21 U.S.C. § 1902.  The Act criminalizes conduct that violates any of the Act's provisions. *Id.* § 1905. Federal criminal statutes do not provide, however, a private right of action, "absent an indication that Congress intended to create such a private right of action."  *See Nath v. Select Portfolio Serv., Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order).  As the Kingpin Act contains no such provision, Sejas cannot rely on this Act to assert any claims or as a basis for this Court's jurisdiction over his claims.

E. **Sejas Cannot Compel the USAO to Investigate Alleged Violations of Federal Law**

Plaintiff seeks to compel the USAO to investigate alleged violators of the Kingpin Act and the FRCP.  As noted above, he does not possess the right to direct prosecuting attorneys to initiate a criminal proceeding against any other individual.  *See Conn. Action Now, Inc.*, 457 F.2d at 87.  Nor can Sejas initiate the arrest and prosecution of an individual in this court, as "the

decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). In fact, Sejas lacks standing to cause the criminal prosecution of any other person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, Sejas's claim against the USAO, seeking an order from this Court to direct the USAO to act, is dismissed for lack of subject matter jurisdiction.

## F.    Leave to Amend as to Sejas's FOIA Claim

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, it appears that Sejas has not exhausted his administrative remedies with the DOJ regarding his request for documents. In an abundance of caution, however, the Court grants Plaintiff leave to file an amended complaint to assert his FOIA claim against DOJ, the federal agency that oversees the United States Attorneys.

## CONCLUSION

The Court directs the Clerk of Court to substitute "Juan Sejas" for "John Doe" in the caption of the complaint and to remove the restrictions placed on documents two and three.

The Court dismisses without prejudice Plaintiff Human Rights Solution Foundation Inc.'s claims. *See* 28 U.S.C. § 1654. The Court also dismisses Sejas's claims brought under the FCPA and the Kingpin Act, as he cannot assert claims under these federal statutes. All claims brought against the USAO are dismissed for lack of subject matter jurisdiction and this defendant is dismissed from the action.

The Court grants Sejas 30 days' leave to file an amended complaint against the DOJ, to assert his FOIA claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     February 3, 2023
           New York, New York

                                          _____
                                                    J. PAUL OETKEN
                                             United States District Judge