UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN SEJAS,

                     Plaintiff,

    -v-

UNITED STATES ATTORNEY'S OFFICE,

                     Defendant.

22-CV-9358 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Juan Sejas, proceeding *pro se*, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requesting access to case files and other information related to alleged criminal acts in Bolivia. Before the Court is the United States' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. For the reasons that follow, the motion is granted.

**I.  Background**

    The Court received Sejas's original complaint in this action on November 1, 2022. (ECF No. 1 ("Compl.").) In it, Sejas sought an order compelling the United States and the U.S. Attorney's Office in Manhattan to comply with the Foreign Corrupt Practices Act, Foreign Narcotics Kingpin Designation Act, and various other federal laws. (Compl. at 1.) The gravamen of Sejas's allegations was that "high-ranking public officials in Bolivia and elsewhere . . . have participated in, among other things, narco-terrorism, large scale drug trafficking, and weapons offenses relating to the importation of cocaine into the United States." (*Id.* ¶ 5.) Sejas also asked the Court to "order Defendant to conduct searches for any and all records to verify all the information presenting for the Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to

Plaintiff's request." (*Id.* at 14-15.) Sejas expressly invoked FOIA as a basis for the Court's jurisdiction. (ECF No. 2 at 1). On February 3, 2023, the Court denied all of Sejas's requests. (ECF No. 9 at 2.) Regarding Sejas's FOIA requests, the Court found that he had failed to file a formal request[1] and had therefore failed to exhaust his administrative remedies. (*Id.* at 4-5.) Because Sejas was proceeding *pro se*, however, the Court granted him "30 days' leave to file an amended complaint for the limited purpose of asserting a FOIA claim against the United States Department of Justice." (*Id.* at 2.)

Following the Court's order, Sejas mailed a FOIA request to the Department of Justice on March 1, 2023 (ECF No. 35-1 ("FOIA Request")), and filed an amended complaint on that basis (ECF No. 12). In his FOIA request, Sejas asked for "records" pertaining to three Bolivian individuals who allegedly faced or are facing criminal charges in the United States. (FOIA Request at 2.) The government denied Sejas's request "pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. § 552(b)(6) & (b)(7)(C), which protect from disclosure non-public records whose disclosure could reasonably be expected to constitute an unwarranted invasion of the personal privacy." (ECF No. 35 ("Gov. Dec.") ¶ 6; *see also* ECF No. 35-2 ("Denial Letter").) Sejas did not administratively appeal the denial. (*See* Gov. Dec. ¶¶ 7-9.)

Sejas filed a second amended complaint related to his FOIA request on August 4, 2023. (ECF No. 14.)[2] The government answered that complaint on September 20, 2023, asserting *inter*

---

[1] In his first amended complaint, Sejas appeared to assert that he had in fact filed a formal FOIA request on September 13, 2022. (ECF No. 12 ¶ 5.) Sejas later dropped that allegation in his second amended complaint (ECF No. 14). In any event, the government appears not to have received Sejas's first request and Sejas no longer relies on having sent it in opposing summary judgment, so the Court does not consider it further in this opinion.

[2] It is unclear to the Court why the government failed to file a response to Sejas's first amended complaint, *cf.* 5 U.S.C. § 552(a)(4)(C) (requiring an answer within thirty days); (ECF No. 15 (directing the government to respond within 21 days)), or why Sejas filed a second amended complaint thereafter. Nonetheless, both parties have treated the second amended

*alia* an affirmative defense based on Sejas's failure to exhaust his administrative remedies. (ECF No. 20 at 3.) After the parties tried and failed to amicably settle Sejas's request (*see* ECF No. 31), the government moved for summary judgment on April 5, 2024 (ECF No. 34), and filed a supporting memorandum of law (ECF No. 36 ("Mem.")). Sejas opposed the motion on April 30 (ECF No. 38 ("Opp.")), and the government replied on May 6 (ECF No. 39 ("Reply")).[3]

## II.     Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if, considering the record as a whole, a rational trier of fact could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). The Court must "resolve all ambiguities and draw all permissible inferences in favor of the [non-movant]." *Friend v. Gasparino*, 61 F.4th 77, 84 (2d Cir. 2023) (quotation marks omitted). "'[T]he general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment,' and Local Civil Rule 56.1 statements are not required." *N.Y. Times Co. v. U.S. Dep't of Justice*, 872 F. Supp. 2d 309, 314 (S.D.N.Y.

---

complaint as the operative one and the Court proceeds on that basis. The Court also notes that the government failed to respond to the second amended complaint in a timely manner, even after being prompted to do so by the Court. (*See* ECF Nos. 15 and 16.) The government concedes that this was due to an "administrative error." (ECF No. 18.) It bears emphasizing that FOIA requests are serious matters that must be dealt with on a timely basis, lest the government be viewed as "utilizing administrative delay to shield FOIA disputes from judicial review." *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977).

[3] Sejas filed a surreply on May 9, 2024. (ECF No. 40.) As explained in the Court's individual rules, "[s]urreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)." Indiv. Rs. and Pracs. in Civ. Cases 2.B. The Court therefore will not consider Sejas's unauthorized additional filing.

2012) (quoting *Ferguson v. FBI*, No. 89-CV-5071, 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995), *aff'd*, 83 F.3d 41 (2d Cir. 1996)).

Sejas is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted). This requirement "is especially strong in the summary judgment context, where a pro se plaintiff's claims are subject to a final dismissal." *Platsky v. Nat'l Sec. Agency*, No. 11-CV-4816, 2013 WL 12121950, at *2 (E.D.N.Y. Jan. 30, 2013) (quotation marks omitted), *aff'd*, 547 F. App'x 81 (2d Cir. 2013) (summary order).

### III. Discussion

The government's only argument for summary judgment is that Sejas failed to exhaust his administrative remedies when he declined to pursue an administrative appeal of the denial of his formal FOIA request. (Mem. at 4-6.) When an agency receives a FOIA request, it must "determine within 20 days" whether to comply and "shall immediately notify the [requester]" of its "determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). Such notification shall also include notice of the "right . . . to seek assistance from the FOIA Public Liaison of the agency" and, in the case of a denial, "the right . . . to appeal to the head of the agency" and "the right . . . to seek dispute resolution services from the FOIA Public Liaison." *Id.* Should the requester pursue an administrative appeal as described by the statute, the agency must "make a determination with respect to [the] appeal within twenty days" of receipt. *Id.* § 552(a)(6)(A)(ii).

"Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process," *Smolen v. Fed. Aviation Admin.*, No. 22-CV-44, 2023 WL 3818105, at *10 (S.D.N.Y. June 2, 2023), "although [a plaintiff] may be deemed to have exhausted constructively if the agency fails to make a timely response to the initial

4

request." *Robert v. Dep't of Just.*, 193 F. App'x 8, 9 (2d Cir. 2006) (summary order); *see also Caraveo v. U.S. E.E.O.C.*, 96 F. App'x 738, 741 (2d Cir. 2004) (summary order) (holding that exhaustion of administrative remedies is a "a prerequisite to maintaining a FOIA action in the courts"). "The exhaustion requirement allows the targeted agency to correct its own errors, which obviates unnecessary judicial review." *Smolen*, 2023 WL 3818105, at *10 (quoting *Muzumala v. Mayorkas*, No. 22-CV-3789, 2022 WL 2916610, at *3 (S.D.N.Y. July 22, 2022)). Accordingly, pursuit of an administrative appeal is not required where such an appeal would be futile. *See Megibow v. Clerk of U.S. Tax Ct.*, No. 04-CV-3321, 2004 WL 1961591, at *3 (S.D.N.Y. Aug. 31, 2004), *aff'd*, 432 F.3d 387 (2d Cir. 2005). Although not necessarily "jurisdictional" in nature, failure to exhaust is a sufficient basis for granting summary judgment in a FOIA case. *See Robert* 193 F. App'x at 9-10.

Here, Sejas sent his first formal FOIA request to the Department of Justice on March 1, 2023. (FOIA Request.) The Department acknowledged receipt and denied the request on March 20, 2023, citing various exceptions for information about third parties. (Denial Letter.) The denial was sent within 20 days, and was therefore compliant with 5 U.S.C. § 552(a)(6)(A)(i). The denial letter also includes the requisite information about Sejas's right to appeal and right to seek assistance from the Department's FOIA Public Liaison, as required by 5 U.S.C. § 552(a)(6)(A)(ii). (Denial Letter at 2.) The government alleges, and Sejas does not dispute,[4] that he never appealed the Department's denial letter within the Department. (Gov. Dec. ¶ 7.)

---

[4] *See, e.g.*, Opp. at 12 ("Defendants argue that Plaintiff failed to exhaust his administrative remedies . . . . It is nonsense that the DOJ denied plaintiff requests, especially because all the allegations also affected basic International human rights and put at risk the security of this country and Bolivian peoples that are victims of these criminal organizations in power."); Opp at 11 ("Defenders [allege] . . . 'Plaintiff failed to exhaust his administrative remedies' because defendants has been ignoring the order of the court [from December 8, 2023].").

And Sejas does not point to any other circumstances that might lead the Court to conclude that there was exhaustion by default.[5]

Accordingly, because Sejas failed to exhaust his administrative remedies, his remaining claims must be dismissed.

## IV. Conclusion

For the foregoing reasons, the government's motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 34, enter judgment in favor of Defendant, and close this case.

SO ORDERED.

Dated: January 22, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[5] Following Sejas's failure to exhaust, the government continued trying to negotiate a settlement, offering to send Sejas approximately 450 pages of documents, including public court filings, free of charge. (ECF No 31.) The parties apparently never reached an agreement on whether to send the pages. (*See* Reply at 3 n.2.) Regardless, the government's continued attempts to negotiate with Sejas do not now deprive it of the right to move for summary judgment based on Sejas's prior failure to exhaust.